Argued April 12, affirmed July 23, 1929.

STATE EX REL. MARY J. SMITH *v.* RALPH O. SMITH.

(279 Pac. 560.)

For appellant there was a brief over the name of *Mr. Dan E. Powers,* with an oral argument by *Mr. F. E. Swope.*

For respondent there was a brief and oral argument by *Mr. Alfred P. Dobson.*

BEAN, J.—This is an appeal by defendant from an order adjudging him to be in contempt of court.

On March 6, 1928, a decree of divorce was passed by the Circuit Court for Clackamas County in favor of the relator May J. Smith and against the defendant Ralph O. Smith. It was further adjudged and decreed by the court in said suit that defendant pay to the plaintiff therein the sum of $500 in two installments of $250 each; the first installment to be paid on or before March 15, 1928, and the second on or before the 15th of April, 1928, as alimony.

Defendant failed to pay the relator any part of such alimony. On May 24, 1928, based upon an affidavit filed herein, an order was issued out of said court requiring defendant to appear and show cause why he should not forthwith comply with the terms of said decree, or be punished for contempt. Thereafter a hearing was had in the matter on June 15, 1928, and defendant was adjudged to be in contempt of the court and ordered to be punished for said contempt by imprisonment in the county jail until such time as he should comply with the provisions of said decree, by paying to the plaintiff in said suit $500, not exceeding six months.

It appears from the record that the defendant was employed as a carrier agent for the ''Portland Oregonian'' in Clackamas County, Oregon, making monthly payments on and maintaining and operating an automobile necessary to use for said purposes, receiving $150 per month for all of such expenditures, and also a commission averaging $100 per month. He states in his affidavit that it costs him $75 as living expenses monthly and that he was endeavoring to pay off, in small amounts, an indebtedness amounting to $500, contracted by the wife during their marriage.

The defendant demurred to the order of citation and affidavit. There is no merit in this point. The

defendant was properly adjudged to be in contempt. We think an order should be entered that defendant be purged of said contempt by paying to the relator Mary J. Smith forthwith the sum of $100 and the further sum of $50 on or before the fifteenth day of each and every month thereafter until the amount of alimony, $500, is fully paid according to the terms of the divorce decree.

In the event that defendant fails to make either of such payments, then the judgment of contempt entered by the trial court will be enforced and carried into execution.

It is so ordered. With this modification the judgment of the Circuit Court is affirmed.

AFFIRMED AS MODIFIED.

COSHOW, C. J., and BELT, J., concur.

BROWN, J., took no part in the consideration of this case.